UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YURY STRACHUK,<br><br>Plaintiff(s),<br>v.<br><br>MAKSIM GELLER,<br><br>Defendant(s). | CASE NO. C26-5344-KKE<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff Yury Strachuk's motion for default judgment. Dkt. No. 9. Because Plaintiff has not shown the Court has personal jurisdiction over Defendant Maksim Geller, the Court will deny the motion and order Plaintiff to show cause why this case should not be dismissed for lack of personal jurisdiction.

Plaintiff, appearing *pro se*, filed his complaint on April 2, 2026, alleging a breach-of-contract claim against Defendant. Dkt. Nos. 1, 1-1. The complaint alleges the parties executed a March 10, 2023 promissory note whereby Defendant agreed to fully repay to Plaintiff a $100,000 personal loan within six months or "such other time as may be agreed orally," and Defendant failed to make repayment under those terms. Dkt. No. 1 at 4; *see* Dkt. No. 1-2 at 1. The complaint alleges diversity jurisdiction: Plaintiff, a natural person, is a Washington resident, and Defendant, a natural person, is a New York resident. Dkt. No. 1 at 3–4.

On June 3, 2026, Plaintiff filed proof of service attesting that, on May 13, 2026, the complaint, summons, and promissory note were served on a "a brown-haired white female … 55–65 years of age" at a Staten Island, New York address, which the complaint alleges is Defendant's place of residence. Dkt. No. 6 at 1; Dkt. No. 1 at 2. After Defendant failed to appear in the case, Plaintiff filed a motion for entry of default on June 12, 2026 (Dkt. No. 7), and the Clerk of Court found Defendant to be in default on June 15, 2026 (Dkt. No. 8). On June 30, 2026, Plaintiff filed the motion for default judgment presently before the Court.

The Court must consider whether it has personal jurisdiction over Defendant. "In most circumstances, a defect in personal jurisdiction is a defense that may be asserted or waived by a party." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(1)). But "when a court is considering whether to enter a default judgment, it may dismiss an action *sua sponte* for lack of personal jurisdiction." *Id.* Where, as here, "entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. A judgment entered without personal jurisdiction over the parties is void." *Id.* (citation omitted); *Levi Strauss & Co. v. Toyo Enter. Co.*, 665 F. Supp. 2d 1084, 1092 (N.D. Cal. 2009).

As the party seeking to invoke the Court's jurisdiction, Plaintiff bears the burden of establishing that the Court has personal jurisdiction over Defendant. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). To exercise personal jurisdiction over a non-resident defendant, Washington State and federal law requires that the "defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir.2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945));

*Langlois v. Déjà Vu, Inc.*, 984 F. Supp. 1327, 1333 (W.D. Wash. 1997) ("Washington State's long-arm statute extends jurisdiction to the fullest extent permitted by the United States Constitution.").

Defendant does not appear to have sufficient "minimum contacts" with Washington State. To begin with, the Court does not have general jurisdiction over Defendant because Defendant is not a resident of Washington, nor was process served on Defendant in Washington, nor has Defendant consented to the Court's jurisdiction. *See Greystone Hous. Found., Inc. v. Fantasy Holdings, LLC*, No. 16-CV-0300-AJB-DHB, 2017 WL 2123620, at *2 (S.D. Cal. May 16, 2017) ("General jurisdiction over an individual is permissible only where he has been served with process while voluntarily in the forum, is domiciled in the forum, or consents to the court's jurisdiction." (citing *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880–81 (2011) (Kennedy, J., plurality))). Plaintiff has shown only two contacts between Defendant and Washington: (1) the promissory note at issue appears to contain a choice-of-law clause selecting the law of Washington State, and (2) Plaintiff is a Washington resident. *See* Dkt. Nos. 1, 1-1; *see also* Dkt. Nos. 7, 9. But these contacts alone are insufficient for the Court to exercise specific jurisdiction over Defendant. *Paccar Int'l, Inc. v. Com. Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1063 n.6 (9th Cir. 1985) ("The fact that a contract is governed by the law of a particular state does not establish that the parties have purposefully availed themselves of the privilege of conducting business in that state."); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").

Plaintiff has alleged no facts about the circumstances of the loan and promissory note to suggest that Defendant "purposefully established minimum contacts within" Washington. *See Burger King*, 471 U.S. at 479 (holding that courts must examine "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual

course of dealing" to determine whether an out-of-state party to a contract has established minimum contacts with the forum); *see also Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (holding that "evaluation of the jurisdictional significance of a defendant's contract" should be "practical and pragmatic"). Those few facts that the Court can glean from the complaint suggest that Defendant did *not* purposefully establish contacts with Washington State. The promissory note appears to have been executed in New York State: it was notarized by a notary public of that state, signed by a resident of that state, and lists "State of New York" in its header. Dkt. No. 1-2 at 1. And, according to Plaintiff, Defendant was served at the same New York address that is listed as his address in the promissory note. *See id.*; Dkt. No. 6; Dkt. No. 9 at 2.

For these reasons, the Court finds that Plaintiff has not shown that the Court has personal jurisdiction over Defendant. Accordingly, the Court DENIES without prejudice Plaintiff's motion for default judgment (Dkt. No. 9) and ORDERS Plaintiff to show cause, by November 13, 2026, why this case should not be dismissed for lack of personal jurisdiction.

Dated this 13th day of October, 2026.

Kymberly K. Evanson
United States District Judge